UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| SAUL SOSA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-51 |
| § | |
| HIDALGO COUNTY, *et al*, § | |
| § | |
| Defendants. § | |

## **OPINION**

The Court now considers the motion to dismiss,[1] filed by Hidalgo County and Hidalgo County Indigent Defense ("Defendants"). After duly considering the record and relevant authorities, the Court **GRANTS** the motion to dismiss.

**I.  Background**

Saul Sosa ("Plaintiff") alleges that approximately sixteen years ago, he was hired by Hidalgo County as a clerk with the Hidalgo County District Clerk's Office.[2] He also alleges that he was later employed with the Hidalgo County Indigent Program, but was terminated from that position on August 18, 2016.[3] Plaintiff explains that there was a hearing concerning his termination, but does not provide any information about who administered the hearing, noting only that there was a "panel" that issued a decision:

> Plaintiff nor his attorney [were] allowed to present evidence or give oral testimony regarding his termination because of the panel's decision not to allow [] Plaintiff to submit relevant information including his opposition to [] Defendants['] evidence because of a decision[-]making authority that Plaintiff had [failed] to comply with rules in providing opposing counsel with evidence to be presented.[4]

---

[1] Dkt. No. 8.
[2] Dkt. No. 11, at ¶ 3.1.
[3] *Id.* at ¶ 3.2.
[4] *Id.* at ¶¶ 3.4–3.5.

The presiding panel ultimately recommended upholding Plaintiff's termination.[5] Plaintiff presumably appealed to the Hidalgo County Civil Service Commission ("Commission"). Subsequently, on October 20, 2016,[6] the Commission dismissed Plaintiff's appeal, thus making final the decision terminating Plaintiff's employment.[7]

Plaintiff filed suit against Defendants in state court on November 22, 2016.[8] Defendants later removed the case to this Court.[9] Plaintiff's first amended complaint alleges Fifth and Fourteenth Amendment due process violations as well as a claim for wrongful termination.[10] On March 16, 2017, Defendants filed the instant motion to dismiss.[11]

## II. Rule 12(b)(1) Analysis

Defendants request dismissal of Plaintiff's suit under Federal Rule of Civil Procedure ("Rule) 12(b)(1) for lack of subject matter jurisdiction.[12] Defendants argue that the Court does not have jurisdiction over this case because Plaintiff failed to comply with Texas Local Government Code § 158.012(a) by not filing suit within thirty days after the Commission's order of October 20, 2016.[13]

Although neither party directly addresses the issue, Plaintiff was presumably a civil service employee. As such, the Texas Supreme Court has held that "once the employees of a department elect to create a commission, and the commission's rules create rights employees would not have at common law, the commission obtains exclusive jurisdiction over those

---

[5] *Id.* at ¶ 3.5
[6] Dkt. No. 8-5.
[7] Dkt. No. 11, at ¶ 3.6.
[8] Dkt. No. 1-1, at p. 2.
[9] Dkt. No. 1.
[10] Dkt. No. 11, at ¶¶ 4.1–5.2.
[11] Dkt. No. 8.
[12] *Id.*, at ¶ 3.1.
[13] *Id.*

matters."[14] Here, based on the record in this case, it appears that the Commission has exclusive jurisdiction over this employment dispute as Plaintiff apparently requested a hearing before the Commission. Furthermore, Plaintiff's inclusion of federal claims would not deprive the state court of jurisdiction.[15] Therefore, despite the inclusion of federal claims, Plaintiff's claims are precluded because he did not properly file suit in state court within thirty days of when the Commission decided to terminate him. Indeed, the Commission issued its decision on October 20, 2016, but Plaintiff did not file his claim until November 22, 2016. As a result, Plaintiff's claims are dismissed for lack of subject matter jurisdiction because he failed to timely file his appeal. Even if § 158.012(a) does not apply in the instant case, as more fully discussed below, Plaintiff's claims are nevertheless dismissed for failure to state a claim. The Court now turns to its Rule 12(b)(6) analysis.

### III. Rule 12(b)(6) Analysis

Defendants additionally request dismissal of Plaintiff's suit under Rule 12(b)(6) for failure to state a claim.[16] To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[17] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[18] The Court regards all such well-pleaded facts as true and

---

[14] *Thomas v. Long*, 207 S.W.3d 334, 342 (Tex. 2006).
[15] *See Simpson v. City of Hous.*, 260 S.W.2d 94 (Tex. Civ. App.—Galveston 1953); *Paz v. City of Hous., Tex.*, 748 F. Supp. 480 (S.D. Tex. 1990); *Turner v. City of Carrollton Civil Service Comm'n*, 884 S.W. 889 (Tex. App.—Amarillo 1994).
[16] Dkt. No. 8, at ¶¶ 3.3–3.11.
[17] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)) *cert denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[18] *Twombly*, 550 U.S. at 555.

views them in the light most favorable to the plaintiff.[19] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[20]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[21] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[22] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[23] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[24] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[25]

Here, Plaintiff alleges Fifth and Fourteenth Amendment due process violations as well as a claim for wrongful termination.[26] As a preliminary matter, the Court notes that the Fifth Amendment does not apply to Defendants because they are state, not federal actors.[27] Plaintiff's remaining constitutional claim is an alleged Fourteenth Amendment procedural due process violation.[28] To prevail on this claim, Plaintiff must establish the three elements required for municipal liability under 42 U.S.C. § 1983: "[1] a policymaker; [2] an official policy; and [3] a

---

[19] *Id.*
[20] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[21] 556 U.S. 662 (2009).
[22] *See id.* at 678–79.
[23] *See id.* at 679–80.
[24] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[25] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47 (2014).
[26] Dkt. No. 11, at ¶¶ 4.1–5.2.
[27] *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor.").
[28] *See id.* at ¶¶ 4.1–4.2.

violation of constitutional rights whose 'moving force' is the policy or custom."[29] Plaintiff fails to identify a policymaker, noting only that there was a hearing, a panel review, and eventually a decision by the Commission. Furthermore, while Plaintiff does argue that he "was not afforded a fair and impartial hearing,"[30] he does not provide the Court with any official policy, merely explaining that "he did not receive sufficient notice [of] the reasons for his termination, was not allowed to present witnesses, [] was not allowed to speak, his attorney was not allowed to speak, [was not afforded] the right to present evidence[,] and was not allowed to present relevant evidence."[31] Since Plaintiff has not established the required § 1983 elements, his Fourteenth Amendment claim fails as a matter of law.

Additionally, Plaintiff fails to state a claim for wrongful termination. Plaintiff does not identity whether he is pursuing a wrongful termination cause of action under state or federal law, or both. This particular claim is nothing more than an extension of his Fourteenth Amendment claim, evidenced by his argument that he "was unaware of the reasons for his termination until the date of the hearing when unsigned reprimands were presented to him[]"[32] and he "is entitled to a full and complete hearing on his termination with Hidalgo County."[33] Under the standard advanced in *Ashcroft v. Iqbal*, Plaintiff's well-pleaded allegations fail to state a claim because they do not "give rise to an entitlement of relief to an extent that is plausible."[34] Here, there are insufficient allegations to support the plausibility of wrongful termination. In fact, as previously noted, the wrongful termination cause of action is more accurately characterized as further

---

[29] *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).
[30] Dkt. No. 11, at ¶ 4.1.
[31] *Id.*
[32] *Id.* at ¶ 5.1.
[33] *Id.* at ¶ 5.2.
[34] 556 U.S. at 679–80.

argumentation that Plaintiff's procedural due process rights were violated. As a result, Plaintiff is unable to state a claim on the wrongful termination cause of action as well.

## V. Holding

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. All of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 10th day of April, 2017.

_____
Micaela Alvarez
United States District Judge